F. CARTER JOHNSON, JR., AND JOSEPHINE M. JOHNSON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89287. Promulgated June 6, 1939.

*F. Carter Johnson, Jr.,* for the petitioners.
*Wilford H. Payne, Esq.,* for the respondent.

#### OPINION.

SMITH: This is a proceeding for the redetermination of a deficiency of $44.76 in income tax for 1934. The only question in issue is

whether the petitioners are liable to income tax upon fees received by F. Carter Johnson, Jr., during the year 1934 as notary public.

The facts have been stipulated as follows:

1. That petitioners are individuals, husband and wife, and residents of New Orleans, State of Louisiana. For the taxable year 1934, petitioners filed a joint Federal income tax return, reporting their income and deductions for said year.

2. F. Carter Johnson, Jr., one of the petitioners herein, who is sometimes referred to hereinafter for convenience as petitioner, was appointed a Notary Public for the Parish of Orleans, State of Louisiana, on May 29, 1930, by the Honorable Huey P. Long, then Governor of the State of Louisiana, by and with the advice and consent of the Senate of Louisiana, pursuant to and by virtue of the authority conferred by the Statutes of said State.

3. During the taxable year 1934, the said F. Carter Johnson, Jr. received as fees, commissions and compensation as a Notary Public of the State of Louisiana, the sum of $398.72, which was deducted from gross income by petitioner, on his return for said year, as being exempt from the Federal income tax.

4. In redetermining the taxable income of the petitioners for the year 1934, the Commissioner disallowed as a deduction the said item of $398.72 representing compensation and fees as a Notary Public, which adjustment, together with other minor adjustments not contested by petitioners herein, resulted in a proposed deficiency for said year 1934 amounting to $44.76.

5. The only issue to be determined by the Board is whether the said item of Notary fees and compensation amounting to $398.72 is properly subject to the Federal income tax as determined by the Commissioner.

There can be no question but that under the decisions of the United States Supreme Court in *Helvering* v. *Gerhardt*, 304 U. S. 405, and *Graves* v. *New York ex rel. O'Keefe*, 306 U. S. 466, the petitioners are taxable on the notary public fees in question unless they are given relief from tax by the Public Salary Tax Act of 1939, approved April 12, 1939.

Section 201 of the act referred to provides in part:

Any amount of income tax * * * for any taxable year beginning prior to January 1, 1938, to the extent attributable to compensation for personal service as an officer or employee of a State, or any political subdivision thereof, or any agency or instrumentality of any one or more of the foregoing—

(a) shall not be assessed, and no proceeding in court for the collection thereof shall be begun or prosecuted (unless pursuant to an assessment made prior to January 1, 1939) ;

\*      \*      \*      \*      \*      \*      \*

(c) shall, if collected on or before the date of the enactment of this Act, be credited or refunded in the same manner as in the case of an income tax erroneously collected, in the following cases—

\*      \*      \*      \*      \*      \*      \*

(4) Where a petition to the Board of Tax Appeals has been filed with respect to such amount and the Board's decision has not become final before the date of the enactment of this Act.

Although the act referred to above does not specifically provide that in cases pending before the Board at the date of its enactment

the Board shall reduce the deficiency determined by the respondent by excluding from the gross income of the taxpayer the amount of compensation received by him as an officer or employee of a state, it would be a futile act for the Board to determine a deficiency including in taxable income such compensation; for in such case the respondent would not be authorized to assess the deficiency determined by the Board and if the deficiency were to be collected the amount would have to be refunded.

There is no question but that F. Carter Johnson, Jr., was an officer of the State of Louisiana. His compensation consisted of fees paid to him not by the State of Louisiana, but by persons for whom he performed his notarial services. Section 205 of the Public Salary Tax Act of 1939 provides that "Compensation shall not be considered as compensation within the meaning of sections 201, 202, and 203 to the extent that it is paid directly or indirectly by the United States or any agency or instrumentality thereof." Referring to this section the Conference Report on the Public Salary Tax Act states: "The effect of this definition is to grant relief not only in the ordinary case in which the compensation of the officer or employee is paid in the form of a salary but also in cases where compensation is derived from fees."

In this proceeding the Board holds that by virtue of the Public Salary Tax Act of 1939 the petitioners are not taxable upon the notarial fees of $398.72 received by F. Carter Johnson, Jr., in 1934.

*Judgment will be entered under Rule 50.*